# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZEECO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-143-JHP |
| ) | |
| SIVEC SRL, an Italian corporation and ) | |
| successor-in-interest to Sirz Engery Srl ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Plaintiff's Motion for Entry of Judgment, Defendant's Response to said motion, and Plaintiff's Reply. Pursuant to the jury verdict returned on November 17, 2011, the jury awarded the plaintiff, Zeeco, Inc. ("Zeeco"), $1,744,043.00. Further, pursuant to the jury's verdict on the defendant's counterclaim, the jury awarded the defendant, Sivec Srl, an Italian corporation and successor in interest to Sirz Engergy Srl ("Sivec"), €952,840. Zeeco moves the Court for entry of judgment in its favor and against Sivec on its claim for declaratory relief. The Court reserved its determination of the declaratory judgment issue until after a jury verdict was rendered on the parties' claims against each other.

In the Chapter 15 proceeding filed by the Defendant in the Bankruptcy Court for the Eastern District of Oklahoma, the Bankruptcy Court lifted the automatic stay of 11 U.S.C. § 362(a), finding the parties "should proceed to a resolution of their dispute" in this Court.

Zeeco now contends it is entitled to retain the Contract Retainage and recoup it against the monies due and owing from Sivec pursuant to the jury's verdict on Zeeco's breach of contract claim. Therefore, Zeeco argues "the net result of the jury's verdicts is an award of damages in favor of Zeeco exceeding the amount awarded to Defendant by $461,711.00."

During the trial of this matter Sivec explicitly argued Zeeco was not entitled to retain the Contract Retainage because no third party claims had been asserted against Zeeco within the applicable time period set forth in the contract. The jury found in favor of Sivec in regard to its counterclaim. Therefore, the jury's verdict on Sivec's counterclaim establishes the funds held by Zeeco were properly listed as an asset of Sivec's liquidation estate.

Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. §§ et seq., establishes the procedures for recognizing foreign bankruptcy proceedings and the role of the courts of the United States in aiding such foreign proceedings. Although the Bankruptcy Court for the Eastern District of Oklahoma allowed these proceedings to proceed in order to determine the amount of Zeeco's claim, the Court also prohibited Zeeco "from transferring, encumbering or otherwise disposing of any assets in which Sivec claims an interest until further order of this Court." (USBC ED/OK Dkt.# 69, ¶ D). It would therefore be improper for this Court to declare that Zeeco's claim should be given priority over other creditors absent a determination that it is entitled to that relief under Italian law.

"The interest of the United States in granting comity is to ensure that 'the assets of a debtor are dispersed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic, or piecemeal fashion. *Cunard S.S. Co., Ltd v. Salen Reefer Services AB*, 773 F.2d 452, 458 (2d Cir. 1985). United States courts, therefore, have consistently

recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities." *Id.* "Every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes." *In re Rosacometta, Srl*, 336 B.R. 557, 564 (Bankr. S.D. Fla. 2005) quoting *Canada Southern Ry v. Gebhard*, 109 U.S. 527 (1823). The Italian Court has asked that comity be extended. *See* Request for Comity and Cooperation Pursuant to Chapter 15 of the United States Bankruptcy Code (USBC ED/OK Dkt.# 74). It is appropriate from the standpoint of fundamental fairness and international relations that Zeeco's claim be administered in accordance with the procedures of the Italian court.

> [T]he laws governing the Italian Bankruptcy Case comport with U.S. standard of procedural fairness and are not inimical to the laws or policy of the United States. This is not a case of first impression At least two U.S. courts have previously extended comity to Italian bankruptcy proceedings. Banca Emiliana v. Farinacci (In re Enercons Va., Inc. 812 F.2d 1469, 1472-73) (4th Cir. 1987) (finding Italian bankruptcy sufficiently analogous to fundamental U.S. concepts of justice to warrant extending comity to those proceedings).

*In re Rosacometta, Srl*, 336 B.R. 557, 564 (Bankr. S.D. Fla. 2005).

In lifting the stay imposed by the recognition of the Italian proceedings and allowing Zeeco to proceed with this case, the Bankruptcy Court acknowledged that the amount of Zeeco's claim had to be determined before any issue over the status, or priority of Zeeco's claim *vis a vis* other creditor claims could be resolved. The jury, through its verdict,

determined that (a) Zeeco has a claim in the amount of $1,744,043 and (b) Sivec has a claim for €952,840. Accordingly, the Court finds judgment shall be entered for Zeeco in the amount of $1,744,043 and for Sivec in the amount of €952,840, plus interest. Any holding that Zeeco is entitled to a priority in the bankruptcy proceedings, in the absence of such a finding by the Italian Court, is inappropriate and would be contrary to the laws recognizing foreign jurisdictions.

Finally, Zeeco's claim for pre-judgment interest is unsupported by the Convention on International Sale of Goods ("CISG"), which provides, "If a party fails to pay the price or any sum that is arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74." Convention on International Sale of Goods, Art. 78. Sivec did not fail to pay any sum in arrears due under the terms of the contract.

Conversely, Sivec was awarded €952,840 retained by Zeeco, which should have been returned to Sivec in April 2009 according to the terms of the contract. Pursuant to Article 78 of the CISG, Sivec is entitled to pre-judgment interest on its verdict of €952,840, accruing from April 2009 based on the applicable rate.

Accordingly, Plaintiff's Motion for Declaratory Relief is denied, and judgment shall be entered in favor of Zeeco in the amount of $1,744,043, and for Sivec in the amount of €952,840, plus interest. This matter is hereby remanded to the Bankruptcy Court for the Eastern District of Oklahoma.

**IT IS SO ORDERED** this 9th day of January, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma